**BROWN INSTRUMENT CO. v. WARNER**
**Register of Copyrights.**
**No. 9277.**

United States Court of Appeals,
District of Columbia.

Argued Jan. 20, 1947.

Decided June 2, 1947.

Mr. Samuel E. Darby, Jr., of New York City, with whom Messrs. Charles B. Spangenberg, of Chicago, Ill., and Edmund H. Parry, Jr., of Washington, D. C., were on the brief, for appellant.

Mr. H. Linwood Godfrey, Attorney, Department of Justice, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney at the time the brief was filed, and Daniel B. Maher, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Messrs. James F. H. Mothershead, Attorney, Department of Justice, and Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., also entered appearances for appellee.

Messrs. Albert I. Kegan, of Chicago, Ill., and Stanley H. Fischer, of Washington, D. C., on behalf of the Fawley-Brost Company, filed a brief as amicus curiæ, urging affimance.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices

EDGERTON, Associate Justice.

Appellant manufactures apparatus for mechanically recording such variables as temperature and pressure. The record is in the form of a line drawn by mechanical means on a calibrated graphic chart. The chart occupies a critical position in relation to, and co-acts with, the rest of the apparatus in the drawing of this line. Appellant undertook to copyright such charts. The Register of Copyrights rejected the application. Appellant then brought this suit against the Register for a declaratory judgment and a mandatory injunction. This appeal is from a judgment for the Register.

The District Court found as facts that "4. The 83 charts in suit function as working mechanical elements of and essential parts of recording machines manufactured by plaintiff. 5. The printed matter on the 83 charts in suit constitutes blank graph paper ruled according to the mechanical characteristics of the particular machines in which each is intended to be used. 6. The charts in suit were based upon mathematical or scientific calculations, but their object is for use as parts of the plaintiff's machines and not for the purpose of giving information. 7. Plaintiff has failed to establish that its charts are 'writings of an

author' or 'drawings' within the meaning of the Constitution and the copyright statute, or that said charts convey or are capable of conveying the thought of an author. 8. It is perhaps possible for one skilled in the art to deduce with more or less accuracy the data or specifications upon which the charts are based, but the real information that is to be given is that which would be given by curves made by the stylus of plaintiff's recording instruments when put in operation by the purchaser of such instruments." The court concluded that the charts were not copyrightable.

 The evidence supports the findings and the findings require the conclusion. We agree with the court that the opinion of the Seventh Circuit Court of Appeals in Taylor Instrument Companies v. Fawley-Brost Co., 7 Cir., 139 F.2d 98, certiorari denied 321 U.S. 785, 64 S.Ct. 782, 88 L.Ed. 1076, covers this case and is correct. We think, moreover, that the case is controlled by Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841. That case involved blank forms for use in bookkeeping. They were intended to be written on by hand, and the blank forms now in suit are intended to be written on by a machine, but this difference is immaterial. Neither sort of forms is intended to communicate facts or ideas. Both sorts are intended solely for use in making records of facts.

██ Articles intended for practical use in cooperation with a machine are not copyrightable. White-Smith Music Pub. Co. v. Apollo Co., 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655, 14 Ann.Cas. 628. Both law and policy forbid monopolizing a machine except within the comparatively narrow limits of the patent system. In several patents on recording machines, the necessary printed chart is rightly claimed as one of the operative elements. Since the machines which cooperate with the charts in suit are useless without them, to copyright the charts would in effect continue appellant's monopoly of its machines beyond the time authorized by the patent law.

Affirmed.